NO. 07-11-00161-CR AND 07-11-00162-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 31, 2011

---

MICHAEL EDWARD DAWN, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

---

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 60,245-E, 60,246-E; HONORABLE DOUGLAS WOODBURN, JUDGE

---

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Michael Edward Dawn, appeals from judgments in two companion cases that convicted appellant of two assaults on a family member.  Finding appellant's notices of appeal are untimely, we dismiss the appeals for want of jurisdiction.

On March 19, 2010, appellant pled guilty to both charges of assault on a family member occurring during the same incident.  Subject to a plea bargain agreement that was accepted by the trial court, appellant was sentenced to eight years incarceration for each offense.  On the same day, the trial court certified that, in both cases, appellant

had no right of appeal and that appellant had waived his right of appeal.  See TEX. R. APP. P. 25.2.  Appellant filed his notices of appeal in the trial court on April 13, 2011.

By letter dated April 20, 2011, this Court notified appellant that his notices of appeal appeared to be late, and advised him that the Court would determine its jurisdiction after May 20, 2011.  By this same letter, the Court advised appellant that his appeals were subject to dismissal unless the Court received amended certifications under Rule of Appellate Procedure 25.2 providing that appellant has the right of appeal, or he demonstrated other grounds for continuing the appeals, on or before, May 20, 2011.  Appellant has not responded to the Court's notification and directive.

In a criminal case, the Texas Rules of Appellate Procedure require that notice of appeal be filed within 30 days after the day that sentence is pronounced in open court; or after the day that the trial court enters an appealable order; or within 90 days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial.  TEX. R. APP. P. 26.2.  As noted above, appellant's notice of appeal from the sentences that were imposed on March 19, 2010, were filed on April 13, 2011.

Only a timely notice of appeal invokes the jurisdiction of the court of appeals. See State v. Riewe, 13 S.W.3d 408, 411 (Tex.Crim.App. 2000); Slaton v. State, 981 S.W.2d 208, 209-10 (Tex.Crim.App. 1998).  If an appeal is not timely perfected, a court of appeals does not have jurisdiction to address the merits of the appeal, and can take no action other than to dismiss the appeal.  See Olivio v. State, 918 S.W.2d 519, 523 (Tex.Crim.App. 1999); Slaton, 981 S.W.2d at 210.

2

Further, the rules that we must follow require us to dismiss an appeal in a criminal case in the absence of certification showing the appellant has a right of appeal. See TEX. R. APP. P. 25.2(d). However, we are obligated to review the record to determine whether the certifications filed in these cases are defective. See Dears v. State, 154 S.W.3d 610, 615 (Tex.Crim.App. 2005). The clerk's record in each of these cases contain two separate waivers of appeal that were signed by appellant as well as confirmation that appellant and the State had entered into a plea bargain agreement under which the State would recommend that appellant be sentenced to eight years incarceration for each offense. Thus, review of the records in these cases confirm that the certifications are not defective.

Because appellant did not file timely notices of appeal, we lack jurisdiction to consider his appeals. Accordingly, we dismiss these appeals for want of jurisdiction.

Mackey K. Hancock
Justice

Do not publish.

3